# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **CAROLYN REED and** ) | |
| **Carolyn & Glenn's Catering** ) | |
| ) | |
| Plaintiffs, ) | Case No. 3:12-cv-0659 |
| ) | |
| v. ) | Campbell |
| ) | Jury Demand |
| **CITY OF GALLATIN, TENNESSEE** ) | |
| ) | |
| Defendants. ) | |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is **adopted**.

1. **Jurisdiction**:

The court has jurisdiction over this matter pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d et seq. The jurisdiction of this Court to hear this controversy is not disputed.

2. **Plaintiff's theory of the case**:

The Plaintiff was discriminated against based upon her race by the City of Gallatin with regard to its granting of contracts and with regards to how she was treated in contrast to previous White contractors.

3. **Defendant's theory of the case**:

Defendant City of Gallatin, Tennessee denies that Plaintiff Reed was subjected to unlawful discrimination. Prior to August 2011, Plaintiff enjoyed an exclusive contract with the City to cater all events hosted at City Hall and to use the City's kitchen facilities, equipment, and dining room to operate her catering business for her own profit.

On August 30, 2011, the Tennessee Comptroller's Office of General Counsel sent a memorandum to the City in response to the City's stated desire to continue its exclusive arrangement with Plaintiff. The memo stated that such arrangements are out of harmony with state law because "public property must only be used for public purposes and exclusive rights to the use of public property and equipment cannot be granted to private concerns." As a result, City policy was changed and Plaintiff's contract was discontinued to ensure compliance with state law, consistent with the Comptroller's Office's opinion.

Among other defenses, the City asserts that Plaintiff's exclusive contract with the City was discontinued for legitimate, non-discriminatory reasons. Plaintiff has also failed to state a claim upon which relief may be granted, and can neither establish the elements of her Title VI claim, nor rebut the City's legitimate reasons for modifying its business relationship with Plaintiff. Plaintiff also alleges a Title VI disparate impact claim that is legally unavailable to her (*Alexander v. Sandoval*, 532 U.S. 275 (2001)) and a Title VI disparate treatment claim precluded by the "primary objective limitation." *Grimes v. Superior Home Health Care of Middle Tenn., Inc., et al.*, 929 F.Supp. 1088 (1996). The City seeks to recover its attorney's fees and costs expended in defense of this action.

4. **Identification of the issues:**

The parties agree that jurisdiction and venue are not in dispute in this matter. The issues of liability and damages remain in dispute.

**5.     Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure:**

The parties do not anticipate any need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure.

**6.     Witnesses, if known, subject to supplementation by each party:**

The parties have not yet completely identified all witnesses in this matter and will provide witnesses in their Rule 26(a) disclosures.

**7.     Initial Disclosures and staging of discovery:**

The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **September 17, 2012**.

The parties shall complete all written discovery and depose all fact witnesses on or before **February 22, 2013**. Discovery is not stayed during dispositive motions, unless ordered by the Court. Local Rule 9(a)(2) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with the Magistrate Judge.

**8.     Motions to Amend:** The parties shall file all Motions to Amend on or before **November 30, 2012**.

**9.     Disclosure of Experts:** The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **February 1, 2013**. The defendant shall identify and

disclose all expert witnesses and reports on or before **March 1, 2013**. Expert witness discovery conclude on April 1, 2013.

      **10**    **Subsequent Case Management Conferences:** The parties shall participate in a telephonic case management conference with Judge on **December 10, 2012, at 10:30 a.m**. Rctvkgu'y km'ecrn'(615) 695-2851"cv'yj g"cr r qkpvgf "vko g"vq"r ctvkekr cvg0

      **11**    **Alternative Dispute Resolution:**

The Plaintiff is open to utilizing Alternative Dispute Resolution after October 2012.

      **12**    **Dispositive Motions:**

If no expert witnesses are disclosed, dispositive motions will be due by **March 25, 2013**. If experts are used, dispositive motions will be due **April 29, 2013**. **21 days will be permitted for responses after the date the motion is filed**, and the reply should be **14 days after the date the response is filed**. If dispositive motions are filed early, the response and reply dates are moved up accordingly. The motion and response memoranda are limited to 25 pages and the reply, if a reply is filed, is limited to five pages, absent Court permission for longer pleading.

      **13.**    **Target Trial Date:** The parties expect the trial to last four days. This matter shall be set on or after August 20, 2013.

      It is so **ORDERED**.

      /S/ Joe B. Brown
      **JOE B. BROWN**
      **United States Magistrate Judge**