IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CAROLYN REED, et al. | ) |
| | ) |
| v. | ) NO. 3-12-0659 |
| | ) JUDGE CAMPBELL |
| CITY OF GALLATIN, TENNESSEE | ) |

MEMORANDUM

Pending before the Court is Defendant's Motion for Judgment on the Pleadings (Docket No. 12), for which Defendant filed a Reply (Docket No. 15), and to which Plaintiffs have filed an untimely Response (Docket No. 16).

For the reasons stated herein, Defendant's Motion for Judgment on the Pleadings is GRANTED in part and DENIED in part.

FACTS

Plaintiffs Carolyn Reed and her business, Carolyn & Glenn's Catering filed this action against the City of Gallatin for the alleged violation of their civil rights under Title VI, 42 U.S.C. § 2000d. Plaintiffs allege that Defendant illegally and wrongfully discriminated against them because of Ms. Reed's race. Plaintiffs' Complaint sets forth claims for intentional discrimination (Count I) and disparate treatment (Count II).

Defendant has moved for judgment on the pleadings, contending that Plaintiffs cannot pursue a disparate impact claim under Title VI; that Plaintiffs' Title VI claim should be dismissed because they have not alleged that they were denied the benefits of a program or activity receiving federal funding; and that Plaintiffs' claim should also be dismissed because the City of Gallatin is not a proper Title VI Defendant.

## MOTIONS FOR JUDGMENT ON THE PLEADINGS

The Federal Rules of Civil Procedure provide that after the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). The standard of review applicable to motions for judgment on the pleadings is the same as that applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6), which requires the Court to construe the complaint in the light most favorable to the Plaintiff, accept all of the complaint's factual allegations as true, and determine whether the Plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006); *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-512 (6th Cir. 2001); *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).

## TITLE VI

Title VI provides that no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. 42 U.S.C. § 2000d.

Defendant argues that Plaintiffs have not alleged that they were discriminated against by a program of activity receiving Federal financial assistance. The Complaint, however, states that Defendant is "a city in the State of Tennessee, conducting government operations and receiving federal funding." Docket No. 1, ¶ 2. In the section titled "Relief Requested," Plaintiffs' Complaint seeks a declaratory judgment that Defendant has violated Plaintiffs' rights to be free from discrimination in the award and administration of contracts by an entity receiving federal funding.

Although Plaintiffs have not specifically stated that the specific program or activity under which they were discriminated against received federal funding, the Court finds that, under the standard cited above, Plaintiffs have adequately pled that Defendant receives federal funding (which in turn could benefit the program or activity under which Plaintiffs were allegedly discriminated) to survive a Motion for Judgment on the Pleadings.

Defendant next argues that Plaintiffs cannot bring a disparate impact claim under Title VI. The above-cited provision of Title VI prohibits only intentional discrimination. *Bullwinkel v. United States Dept. of Energy*, 2013 WL 392466 at * 10 (W.D. Tenn. Jan. 31, 2013); *Alexander v. Sandoval*, 121 S.Ct. 1511, 1516 (2001). No party may be sued under Title VI on a disparate impact theory. *Id.* The Sixth Circuit has acknowledged that the Supreme Court held that Congress did not intend to create a private right of action under Title VI for disparate impact practices. *Wilson v. Collins*, 517 F.3d 421, 431 (6th Cir. 2008) (citing *Alexander*); *see also League of United Latin American Citizens v. Bredesen*, 2004 WL 3048724 (M.D. Tenn. Sept. 28, 2004).

Because Title VI does not provide a private right of action for disparate impact, Plaintiffs' disparate impact claim is DISMISSED.

Defendant also contends that it is not a proper Title VI Defendant. The Court, which must accept the allegations of Plaintiffs' Complaint as true for purposes of this Motion, finds that Plaintiffs have sufficiently pled that Defendant is a proper Defendant for Plaintiffs' claims. Under the standard set forth above, the Court cannot resolve factual issues, such as which particular programs or activities of the Defendant benefit from federal funding.

## CONCLUSION

For these reasons, Defendant's Motion for Judgment on the Pleadings (Docket No. 12) is GRANTED in part and DENIED in part. Plaintiffs' claims for disparate impact are DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE