IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CAROLYN REED, et al.           )
                               )
v.                             ) NO. 3-12-0659
                               ) JUDGE CAMPBELL
CITY OF GALLATIN               )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 23). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

FACTS

Plaintiffs are a catering business and its owner. Between 2005 and 2010, Plaintiffs provided contract catering services to Defendant. Docket No. 35, ¶ 1.[1] Under those contracts, Defendant gave Plaintiffs exclusive access to the Gallatin City Hall kitchen, including equipment and utilities, at no cost, which Plaintiffs were allowed to use for their own profit. *Id.*, ¶ 2. Prior to Plaintiffs, preceding caterers were required to pay a room rental fee in order to cater an event at City Hall. *Id.*, ¶ 3.

In 2010, Defendant did not renew Plaintiffs' catering contract. Docket No. 35, ¶ 4. Nonetheless, Plaintiffs were allowed to use the facilities on a month-to-month basis, under the same provisions and conditions of their 2009 contract, while Defendant considered the issue. *Id.*, ¶¶ 5 and 10. Ultimately, Defendant chose not to renew Plaintiffs' contract and voted in January 2012 to pass a resolution changing the City's Public Use Policy to allow any Gallatin citizen who pays a fee and provides insurance to use the City Hall kitchen or bring food into the dining room through a

---

[1] Plaintiff has failed to respond to Defendant's Statement of Undisputed Material Facts as required by Local Rule 56.01(c). Accordingly, pursuant to Local Rule 56.01(g), Defendant's statements (Docket No. 35) are not disputed for purposes of this Motion.

reservation and fee payment process. *Id.*, ¶ 6. Plaintiffs may continue to access and use the City Hall kitchen and dining room for events that use their catering services under this new Policy. *Id.*, ¶ 12. In fact, Plaintiffs still regularly use the City Hall facilities. *Id.*, ¶ 13.

Plaintiff Carolyn Reed concedes that she does not know of any federal money which has been used to pay for her catering services with Defendant. Docket No. 35, ¶ 15. Indeed, she has neither received, nor been the beneficiary of, any federal funding in relation to providing catering services to Defendant. *Id.*, ¶ 17. Plaintiffs have sued the City of Gallatin pursuant to Title VI, 42 U.S.C. § 2000d, for intentional discrimination, based upon the race of Plaintiff Carolyn Reed.[2]

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v.*

---

[2] Plaintiffs' disparate impact claim was dismissed earlier by the Court. Docket No. 18.

*Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## TITLE VI

Title VI provides that no person in the United States shall, on the ground of race, color or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. 42 U.S.C. § 2000d.

Defendant argues that Plaintiff cannot prove that she was discriminated against by a program or activity receiving Federal financial assistance. To maintain a private right of action under Title VI, Plaintiffs must first prove the threshold requirement that the program from which they were excluded receives federal funds. *Buchanan v. City of Bolivar, TN*, 99 F.3d 1352, 1356 (6th Cir. 1996). Plaintiffs have admitted that they do not know of any federal money which has been used to pay for their catering services with Defendant and that they have neither received, nor been the beneficiary of, any federal funding in relation to providing catering services to Defendant.

In response to Defendant's Motion, Plaintiffs argue that Defendant should have shown that the City did *not* receive federal funding, but it is Plaintiffs who carry the burden of proving the elements of their claim, not Defendant.

Defendant also contends that Plaintiffs cannot show that similarly-situated people of another race were treated more favorably than they. Indeed, Plaintiffs were treated *better* than similarly-

3

situated people of other races because Plaintiffs were allowed an exclusive contract from 2005 until 2010. Since the end of Plaintiffs' exclusive contract, Plaintiffs have been treated exactly the same as people of other races.

Again, Plaintiffs argue that Defendant has failed to meet its burden of showing that its actions were *not* based upon race, but it is Plaintiffs who bear the burden of proving their claim.

In light of Plaintiffs' inability to show a genuine issue of material fact with regard to these two elements of their Title VI claim, the Court need not address Defendant's other arguments. Defendant's Motion for Summary Judgment is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE